T.C. Summary Opinion 2008-101

UNITED STATES TAX COURT

ALVIN FLOYD COTTRELL, SR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16067-06S.                     Filed August 12, 2008.

Alvin Floyd Cottrell, Sr., pro se.

Steven M. Friedberg, for respondent.

GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for

the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies of $1,085 and $2,728, respectively, in petitioner's 2003 and 2004 Federal income taxes. After a concession,[1] the issues for decision are: (1) Whether petitioner is entitled to unreimbursed business expenses and miscellaneous deductions for the taxable years 2003 and 2004 in the amounts of $7,413 and $8,339, respectively, and; (2) whether petitioner is entitled to itemized deductions for settlement taxes, real estate taxes, and mortgage interest for the taxable year 2004 in the amounts of $1,242, $1,608, and $6,318, respectively.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Maryland.

In 2003 and 2004 petitioner worked full time as an automotive service supervisor for the State of Maryland (State)

---

[1]In the notice of deficiency for 2004 respondent allowed $8,574.64 for mortgage interest. At trial respondent conceded that petitioner is entitled to an additional allowance of $1,425.77 for mortgage interest paid in 2004 and that petitioner's total allowable mortgage interest deduction is $10,000.41. Only the deductibility of points petitioner paid in 2004 and deducted as mortgage interest remains at issue with respect to petitioner's mortgage interest deduction.

at a facility in Patapsco Valley State Park.  Petitioner also worked part time for United Parcel Service (UPS) as an aircraft loader at Baltimore Washington International Airport (BWI).

Petitioner drove his personal vehicle from home to BWI when working for UPS.  After finishing his shift with UPS, petitioner drove straight from BWI to his job site for the State.  Between both jobs, petitioner drove an average of 10 to 12 miles per day. Petitioner estimated that the distance between BWI and his State job site was 4 to 5 miles.  In 2003 and 2004 petitioner generally worked both jobs 5 days each week.  Occasionally, petitioner returned to his job with UPS after working with the State and before driving home.

Petitioner was a member of the Maryland Classified Employees Association, Inc., a State employees union.  Petitioner was also a member of another union in conjunction with his UPS job.

The State required petitioner to wear a uniform and provided two types of uniforms, both including a shirt displaying the State emblem, and to maintain certain grooming standards. Petitioner had his uniforms professionally laundered.  Petitioner purchased rain gear, watertight boots, thermal underwear, and other items to wear while loading aircraft for UPS.  This clothing was general purpose, and petitioner could wear these items at other places.  UPS did not reimburse petitioner for the cost of his foul weather gear.

Petitioner refinanced his personal residence in 2004. The refinancing closed on or after November 30, 2004. At the closing he paid $1,068.36 in advance to his lender for 6 months of county real property taxes, $540 in State mortgage recordation taxes, and $6,317.59 in points. The term of petitioner's new loan was 360 months maturing on December 1, 2034.

Petitioner bought tools and supplies in 2003 and 2004 to make improvements to his home. The items were purchased for personal use and were not related to or required for either his State job or his UPS job.

Petitioner used his personal cell phone on his State job because radio reception was not as clear as the cellular connection. Petitioner discussed projects and orders on his cell phone and estimated that he used his phone for business purposes at least 4 to 5 times a day. His claimed deductions represent extra charges for excess minutes used to place calls related to his State work. Petitioner deducted these expenses as "Supplies" in 2003 and as "Cell Phone/Supplies" in 2004.

Petitioner engaged a tax return preparer to prepare his income tax returns for 2003 and 2004. At the time of the preparation of his returns petitioner gave his return preparer bills and receipts to support his expenses and a mileage log for the business use of his automobile. The preparer told petitioner that he could deduct the expenses for: (1) Tools and supplies

that he used to perform his own home improvements; (2) his mobile phone, (3) work clothes purchased for his UPS job; (4) cleaning of his uniforms; (5) automobile mileage; and (6) refinancing his mortgage.  Petitioner did not review his returns with the preparer once the returns were completed.

On Schedule A, Itemized Deductions, for the taxable year 2003 petitioner deducted job-related expenses and other miscellaneous deductions as follows:

```
Unreimbursed employee expenses:
  Vehicle expense--10,034
    miles at $.36 per mile          $3,612
  Union and professional dues          490
  Uniform and protective clothing    1,450
  Equipment                          1,215
  Supplies                             780
    Total                            7,547

Tax preparation fees                   100
  Total                              7,647
```

In the notice of deficiency for 2003 respondent allowed an itemized deduction only for $234 for dues paid to the Maryland Classified Employees Association, Inc., and disallowed the remainder--$7,413.

On Schedule A for the taxable year 2004, petitioner deducted the following:

```
Taxes:
  State and local income taxes      $3,431
  Real estate taxes                  2,300
  Settlement taxes                   1,608
    Total taxes                      7,339

Interest:
  Home mortgage interest and points 16,318
```

```
Job expenses and other
  miscellaneous deductions:
    Vehicle expense - 10,050
      miles at $.375 per mile          $3,769
    Union and professional dues            490
    Uniforms and protective clothing     1,560
    Equipment/tools                      1,370
    Cell phone/supplies                    800
    Grooming                               250
      Total                              8,239

    Tax preparation fees                   100
      Total                              8,339
```

In the notice of deficiency for 2004 respondent disallowed a portion of the real estate taxes, all of the settlement taxes, home mortgage interest and points, and all but $234 of job expenses and other miscellaneous deductions.

## Discussion

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed on a return. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79 (1992); Wilson v. Commissioner, T.C. Memo. 2001-139.

Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor established his compliance with the

requirements of section 7491(a)(2)(A) and (B) to substantiate items, maintain records, and cooperate fully with respondent's reasonable requests.  Petitioner therefore bears the burden of proof.

A.  Job Expenses and Miscellaneous Itemized Deductions

Section 162(a) allows a deduction for all ordinary and necessary expenses incurred during the taxable year in carrying on a trade or business.  Generally, the performance of services as an employee constitutes a trade or business.  Primuth v. Commissioner, 54 T.C. 374, 377 (1970).  A taxpayer must maintain records sufficient to substantiate the amounts of the deductions claimed.  Sec. 1.6001-1(a), Income Tax Regs.  For such expenses to be deductible, the taxpayer must not have the right to obtain reimbursement from his employer.  See Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), affg. T.C. Memo. 1984-533.

Petitioner claimed deductions for employee and other miscellaneous expenses of $7,647 and $8,339 for 2003 and 2004, respectively.  Petitioner contends he is entitled to deductions for the following expenses:  (1) Business use of his automobile; (2) union dues; (3) cleaning his State uniform and purchasing clothing to wear when working for UPS; (4) tools, equipment, and

supplies used to improve his personal residence; (5) mobile telephone usage; (6) haircuts;[2] and (7) tax return preparation.

With the exception of allowing $234 per year for union dues which petitioner substantiated with a letter from his State employees union, respondent disallowed the claimed job expense and miscellaneous deductions in full because petitioner did not establish that the expenses were ordinary, necessary, and paid during tax years 2003 and 2004.

### 1. Vehicle Expenses

Petitioner claimed deductions for the business use of his automobile.  Petitioner deducted his expenses for driving to and between his two jobs.  Expenses relating to the use of an automobile while commuting between the taxpayer's residence and the taxpayer's place of business or employment are not deductible because such expenses are personal and not business expenses. Secs. 162, 262; Fausner v. Commissioner, 413 U.S. 838 (1973); Commissioner v. Flowers, 326 U.S. 465 (1946); secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs.  Thus, any expenses petitioner incurred in commuting between his residence and either job are nondeductible personal expenses.

Transportation expenses incurred on trips between places of business, however, may be deductible.  Steinhort v. Commissioner,

---

[2]Petitioner did not claim a separate deduction for haircuts in 2003.  In 2004 petitioner claimed $250 as a deduction for "grooming".

335 F.2d 496, 503-504 (5th Cir. 1964), affg. and remanding T.C. Memo. 1962-233. Nevertheless, section 274(d) requires a taxpayer to substantiate: (A) The amount of the vehicle expense; (B) the time and place of the expense; (C) the business purpose of the expense; and (D) the business relationship of the expense to the taxpayer. Even though petitioner testified that he worked two jobs 5 days each week, he did not provide any evidence to support the expenses he incurred driving between those jobs.

The distance between petitioner's two job sites was 4 to 5 miles. The product of 5 miles per day, 5 days per week, and 50 weeks per year is 1,250 miles per year. Petitioner claimed 10,034 miles for 2003 and 10,050 miles for 2004 and asserted on Forms 2106-EZ, Unreimbursed Employee Business Expenses, that he had written evidence to support his mileage deductions. Petitioner testified that he provided logs to his return preparer, but he did not introduce any logs or other records at trial to support these deductions. He also did not provide any explanation for what appear to be inflated claims of business mileage on his 2003 and 2004 returns. He testified that he occasionally returned to work for UPS after his State job, but he did not provide any details about how often this occurred. While we accept that petitioner drove between his two jobs, we may not use the Cohan doctrine to estimate expenses covered by section 274(d). See Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir.

1930); see also <u>Sanford v. Commissioner</u>, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Accordingly, petitioner is entitled to no deduction for the business use of his vehicle. Respondent's determination is sustained because petitioner failed to meet the strict substantiation requirements of section 274(d).

 2. <u>Union Dues</u>

Petitioner claimed a deduction for $490 of union dues paid to two labor unions in 2003 and 2004. Respondent allowed $234 of State union dues petitioner paid in each year and disallowed the remaining $256 for lack of substantiation. At trial petitioner testified that he contributed approximately $37.50 per month in union dues while employed at UPS. We are satisfied that he paid dues to the two unions. However, petitioner introduced no evidence to augment his testimony as to the amount he paid in union dues while employed by UPS. When a taxpayer adequately establishes that he paid or incurred a deductible expense but does not establish the precise amount, the Court may in some circumstances estimate the allowable deduction. <u>Cohan v. Commissioner</u>, <u>supra</u>. We are instructed to approximate a taxpayer's expense, bearing heavily upon "the taxpayer whose inexactitude is of his own making." <u>Id.</u> at 544. We allow

petitioner a deduction for UPS union dues in the amount of the remaining $256 disallowed by respondent for 2003 and 2004.

   3.  Uniform Cleaning and UPS Clothing

   Petitioner claimed business expense deductions for the costs of cleaning his State uniforms and purchasing clothing to keep him warm and dry when working for UPS.  The costs to purchase and maintain work clothing may be deductible under section 162 if the taxpayer establishes that:  (1) The clothing is required or essential in the taxpayer's employment; (2) the clothing is not suitable for general or personal wear; and (3) the clothing is not so worn.  Yeomans v. Commissioner, 30 T.C. 757, 767-769 (1958); Kozera v. Commissioner, T.C. Memo. 1986-604.

   With respect to the uniform cleaning, respondent does not dispute that petitioner has satisfied the legal requirements for deductibility.  However, respondent disallowed the deductions for lack of substantiation.  The Court accepts petitioner's testimony that he paid to have his State uniforms cleaned.  Therefore, petitioner is entitled to deductions for these expenses. Petitioner did not provide any information as to the frequency or cost of his uniform cleaning.  Estimating his expenses, see Cohan v. Commissioner, supra at 544, we allow $10 per week, or $500 for uniform cleaning for 2003 and 2004.

   UPS required petitioner to wear clothing appropriate to the weather conditions at BWI.  Petitioner purchased rain gear, long

underwear, and watertight boots to wear when loading freight for UPS.  Petitioner testified that the clothing and other items he purchased were suitable for general wear.  No deduction is allowed for personal, living, or family expenses.  Sec. 262(a). Since general-purpose clothing is considered a personal expense, petitioner is not entitled to any deduction for his costs to purchase or maintain clothes worn when working for UPS.  See Hynes v. Commissioner, 74 T.C. 1266, 1291 (1980).

4.  Tools, Equipment, and Supplies for Home Improvement

Petitioner claimed itemized deductions for tools and supplies which he used for home improvements, in the amounts of $1,215 and $1,370 for tax years 2003 and 2004, respectively.

As mentioned above, a taxpayer may not deduct personal, family, or living expenses.  Sec. 262(a).  Furthermore, under section 263, no deduction is allowed for capital expenditures. Capital expenditures include any amount paid for permanent improvements or betterments made to increase the value of property.  Sec. 263(a)(1).  Petitioner made improvements to his personal residence in order to enhance his enjoyment and to increase the value of his home.  Therefore, he is not entitled to a deduction for home improvements for tax years 2003 and 2004. Respondent's determination that petitioner may not deduct his "Equipment" and "Equipment/Tools" expenses is sustained.

5. <u>Mobile Telephone Expenses</u>

Petitioner used his personal mobile telephone to communicate business matters related to his State employment.  Petitioner deducted $780 for 2003 and $800 for 2004 for work-related mobile phone expenses.  As stated previously, section 274(d) disallows deductions for traveling expenses, gifts, and meals and entertainment, as well as for listed property.  The term "listed property" is defined in section 280F(d)(4) and includes mobile phones.  See sec. 280F(d)(4)(v).  Petitioner did not provide any evidence to substantiate his work-related mobile phone expenses.  Therefore, petitioner is not entitled to any deduction for the business use of his mobile phone.  Respondent's determination is sustained.

6. <u>Haircuts</u>

Petitioner claimed a deduction in 2004 for the cost of maintaining a haircut for his State job.  Grooming remains an inherently personal expense and is not deductible, regardless of whether an employer requires a particularly neat appearance.  <u>Hynes v. Commissioner</u>, <u>supra</u> at 1291-1292.  Petitioner may not deduct the cost of his haircuts.  Respondent's determination is sustained.

7. <u>Tax Preparation Fees</u>

Petitioner's 2003 and 2004 returns were professionally prepared, and both report a $100 tax return preparation fee.

Although petitioner introduced no specific evidence proving that he paid these fees, we find it unlikely that a paid preparer would list as a deduction an apparently reasonable fee for tax return preparation on a client's tax return and not collect that fee. Petitioner is entitled to a $100 deduction for tax preparation for each year at issue.

B.  Real Estate and "Settlement" Taxes

Petitioner claimed deductions on his 2004 Schedule A for $2,300 of real estate taxes paid and $1,608 of "Settlement taxes". Respondent allowed a $1,058 deduction for real estate taxes and disallowed all of the claimed "Settlement" taxes.

Section 164(a) allows a deduction for certain, specified taxes, including State and local real property taxes, which are paid or accrued during the taxable year. Sec. 164(a)(1). However, petitioner failed to produce any evidence to show that he paid real estate taxes in 2004 greater than the amount respondent allowed. Therefore respondent's determination as to the disallowed real estate taxes is sustained.

Petitioner's deduction of $1,608 for "Settlement taxes" includes:  $1,068 for county property taxes paid into escrow at closing and $540 for State recordation taxes paid in 2004. Form HUD-1, Settlement Statement, for the closing at his refinancing was received into evidence. This document shows that petitioner paid $1,068.36, representing 6 months of county property taxes,

in advance (placed in escrow), to his lender at the closing on or after November 30, 2004. However, petitioner's documentation showing real property taxes actually paid to the county taxing authority in 2004 reflects only the $1,058 respondent allowed. It does not support his deduction of the $1,068, representing 6 months of real property taxes held in escrow by the lender.

Petitioner failed to demonstrate that the claimed $1,068 was actually paid to the county taxing authority in 2004 (as opposed to his paying funds in advance into his lender's property tax escrow account for the lender to pay later to the county on petitioner's behalf). Accordingly, we conclude that petitioner may not deduct the $1,068 in 2004.

Petitioner also claimed $540 in State recordation taxes. That amount is also reflected on the Form HUD-1. Section 164(a) allows the taxpayer to deduct only certain delimited taxes, and petitioner may deduct his recordation taxes only if section 164(a) permits. Only two of the five categories of deductible taxes are even potentially relevant here: (1) State and local real property taxes and (2) State and local personal property taxes. See sec. 164(a)(1) and (2).

The recordation tax is a fee charged for the recording of petitioner's new mortgage. It is not a tax on a property interest, real or personal. See Gibbons v. Commissioner, T.C. Memo. 1976-125. Thus, petitioner is not entitled to deduct the

$540 mortgage recordation tax. Respondent's determinations as to real estate taxes paid into an escrow account and the mortgage recordation fee are sustained.

C. <u>Home Mortgage Interest</u>

Petitioner claimed an itemized deduction for a home mortgage interest expense of $16,318 for the 2004 taxable year. Respondent allowed a deduction of $8,574.64 in the notice of deficiency. At trial respondent allowed an additional deduction of $1,425.77 in home mortgage interest, leaving $6,317.59 in dispute. This latter amount represents petitioner's deduction of the mortgage points paid when he refinanced the mortgage on his residence.

Generally, interest paid on home indebtedness is deductible by virtue of section 163(h)(2)(D), which provides that any qualified residence interest does not constitute nondeductible personal interest. Prepaid finance charges, to the extent such charges represent deferred interest on a loan, are generally deductible over the life of the loan. Sec. 461(g). The term "points" refers to a fee equal to a percentage of the total loan, generally paid to the lending institution to lower the interest rate. Points are considered prepaid interest. <u>Kelly v. Commissioner</u>, T.C. Memo. 1991-605.

Section 461(g) requires a cash method taxpayer to amortize prepaid interest over the life of his loan, just as if he were on

the accrual method of accounting.  <u>Kelly v. Commissioner</u>, <u>supra</u>.
However, section 461(g) provides an exception which allows a
taxpayer to deduct his payment of certain points if they were
paid "in connection with the purchase or improvement of, and
secured by, the principal residence of the taxpayer".  Sec.
461(g)(2).  Points paid when the taxpayer refinances a personal
residence to obtain a lower interest rate, however, are not
"incurred in connection with the purchase or improvement" of the
taxpayer's residence; such points are not immediately deductible
and must be amortized.  <u>Kelly v. Commissioner</u>, <u>supra</u>; <u>Fox v.
Commissioner</u>, T.C. Memo. 1989-232, affd. without published
opinion 943 F.2d 55 (9th Cir. 1991).

Petitioner did not introduce any evidence to demonstrate,
and the record does not indicate, that his refinancing was in
connection with his purchasing or improving his home.[3]  See
<u>Huntsman v. Commissioner</u>, 905 F.2d 1182 (8th Cir. 1990), revg. 91
T.C. 917 (1988).  Respondent is correct in determining that
petitioner may not deduct the points entirely in 2004.

Because petitioner is a cash basis taxpayer, he may amortize
prepaid interest over the life of the loan.  See sec. 461(g).
Amortizing the $6,317.59 in points over the 30-year term of the
loan produces a $210.58 annual deduction.  Although the record

---

[3]The Form HUD-1, Settlement Statement, which petitioner
introduced at trial indicates that petitioner used at least some
of the proceeds of the refinancing to pay off credit card debt.

does not clearly reflect precisely when the refinancing occurred, it is clear that the Form HUD-1 was printed November 30, 2004, and that the maturity date of the 30-year loan is December 1, 2034.  Therefore, we conclude that petitioner is entitled to deduct $17.55 in 2004 for 1 month's amortization of prepaid interest.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.